ACCEPTED
01-09-00997-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 2:10:26 PM
CHRISTOPHER PRINE
CLERK

NO. 01-09-00997-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/30/2015 2:10:26 PM
CHRISTOPHER A. PRINE
Clerk

_____

*Carlton Energy Group, LLC,*

Appellant/Cross-Appellee,

v.

*Gene E. Phillips, Individually and d/b/a Phillips Oil Interests, LLC, et al.,*

Appellees/Cross-Appellants.

_____

ON REMAND FROM THE SUPREME COURT OF TEXAS
CAUSE NUMBER 12-0255

_____

**REPLY TO CARLTON ENERGY GROUP, LLC'S
RESPONSE TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEFING**

_____

Carlton's emphatic opposition to supplemental briefing on remand is curious. Carlton presumably wants this Court to render a judgment totaling more than $50 million based on arguments written in 2010 as alternatives to the relief each primarily sought—in Carlton's case, a nine-figure judgment based on the jury's verdict; in Phillips's, a take-nothing judgment based on various legal theories. But the reasons Carlton gives for this rush to (a huge) judgment make little sense.

1

Carlton first claims that the "Supreme Court nowhere in its opinion indicates that this Court should re-open briefing" but that claim is simply wrong. This Court can read the Supreme Court's opinion and make its own interpretation of the language that "Phillips is entitled to argue that the jury's verdict was against the great weight and preponderance of the evidence," Slip Op. at 25, 2015 WL 2148951 at *11, and that Movants' "argu[ment] that the evidence is factually insufficient to support the judgment . . . may be raised on remand," Slip Op. at 26, 2015 WL 2148951, at *12. Especially given that some of the possible outcomes suggested by the Supreme Court for consideration on remand were never discussed by either side in any briefing to any court, it is literally impossible for Phillips to raise its insufficiency argument without further briefing.

Second, Carlton argues that the constitutional issue should not be briefed because that issue was not previously raised by Movants in this Court. In their briefing, Movants will show that the constitutional issue has not, and indeed could not, have been waived in this Court or at any other stage prior to the Supreme Court's decision. The Movants' constitutional challenge goes to this Court's authority to conduct any sufficiency review at all, and this Court cannot make a considered ruling on that challenge without considering the parties' arguments and authorities. Indeed, Carlton's plea that this Court prohibit briefing on this issue even if it accepts briefing on an ordinary sufficiency challenge doth protest too much. This Court can ensure that such arguments neither increase the size of the briefs nor enlarge the time allotted to prepare them. Why, then, is

2

Carlton so adamant that the Court need not consider whether it has the power to render the judgment Carlton seeks?

Finally, this remains an important case that should be carefully considered—especially given that the Supreme Court itself indicated that *some* evidence supported actual damages that could be as low as $60,000 or as high as $31.16 million. Carlton counters that the case is old, and this is true—but that is only because the parties and the courts alike have found the case difficult. Indeed, at the time the Supreme Court issued its mandate, this case was by far the oldest on its docket. The fact that this case was pending before the Supreme Court for so long is now not a basis for this Court to "rush to judgment," particularly when the Supreme Court, as Carlton has suggested in its briefing, may have remanded the case so that this Court could consider these important issues first. Thus, it is hard to imagine a case less suitable for expedited treatment than this one.

Reliance on the earlier briefing will certainly impair this Court's ability to reach a correct result. Not only will it make it far more difficult for the Court to determine whether it has jurisdiction at all, but, if it decides that it does, this Court will be forced to rely on out of date briefing which was written primarily to advocate positions that the Supreme Court has determined are irrelevant. The Movants' main brief in this Court devoted less than 2 pages to a factual sufficiency attack on the trial court's $31.16 million award, and their reply and post-submission briefs devoted little more attention to this issue—and even then, most came in a no-evidence context. And, as already mentioned, nothing in any brief has addressed the other extrapolated valuations raised by the Supreme Court.

3

For all of these reasons, Movants submit that their motion should be granted because further briefing is required in the interests of justice.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s / *Thomas R. Phillips*
     Thomas R. Phillips
     tom.phillips@bakerbotts.com
     State Bar No. 00000102
     Evan A. Young
     evan.young@bakerbotts.com
     State Bar No. 24058192
     Benjamin A. Geslison
     ben.geslison@bakerbotts.com
     State Bar No. 24074269 98
     San Jacinto Blvd. Ste 1500
     Austin, Texas 78701
     T: (512) 322-2565
     F: (512) 322-8363


HOLMGREN JOHNSON
MITCHELL MADDEN LLP

Mitchell Madden
mmadden@hjmmlegal.com
State Bar No. 12789350
Melissa Johnson
State Bar No. 19142900
melissa@hjmmlegal.com
13800 Montfort Dr. Ste 160
Dallas, Texas 75240
T: (972) 484-7780

*Attorneys for Appellees/Cross-Appellants*
*Gene E. Phillips, Individually and*
*d/b/a Phillips Oil Interests, L.L.C.*

4

HAWKINS PARNELL
THACKSTON & YOUNG LLP

Robert B. Gilbreath
rgilbreath@hptylaw.com
State Bar No. 07904620
4514 Cole Ave. Ste 500
Dallas, Texas 75205

William V. Dorsaneo
State Bar No. 06012000
3315 Daniel Avenue
Dallas, Texas 75202
T: (214) 780-5114

*Attorneys for Appellees/Cross-Appellants*
*Syntek West, Inc. and CabelTel International*
*Corporation*

## CERTIFICATE OF SERVICE

I certify that a copy of this Reply was served electronically on all counsel of record listed below on December 30, 2015:

Fred Hagans
Kendall C. Montgomery
Paula Janecek Mathers
HAGANS BURDINE MONTGOMERY &
RUSTAY, P.C.
3200 Travis, Fourth Floor
Houston, Texas 77006
Email: FHagans@hagans-law.com

Roger D. Townsend
Kevin Dubose
ALEXANDER DUB OSE & TOWNSEND,
LLP
1844 Harvard Street
Houston, Texas 77008
Email: rtownsend@adtappellate.com

David M. Gunn
BECK REDDEN & SECREST, L.L.P.
1221 McKinney St. Ste 4500
Houston, Texas 77010
Email: dgunn@beckredden.com

Vincent L. Marable III
PAUL WEBB, P.C.
221 North Houston Street
Wharton, Texas 77488
Email: trippmarable@sbcglobal.net

Warren W. Harris
Jeffrey L. Oldham
BRACEWELL & GIULIANI LLP
711 Louisiana Street Ste 2300
Houston, Texas 77002
Email: Warren.Harris@bgllp.com

*/s/ Thomas R. Phillips*
Thomas R. Phillips